# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN PEROTTI,

               Petitioner,       :       Case No. 1:18-cv-446

   - vs -                           District Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                 :
               Respondent.

# REPORT AND RECOMMENDATIONS

In this habeas corpus action under 28 U.S.C. § 2241, Petitioner challenges the May 2016 revocation of his parole (Petition, ECF No. 1, PageID 4). He reports that he previously filed Case No. 1:00-cv-527 related to the same claim. *Id.* at PageID 6.

Petitioner pleads the following grounds for relief:

> **Ground One:** Respondents have retaliated against Perotti, both for previous actions, and for appealing the 5-11-16 continuance [spelling unclear] and have records of litigation in his master file.
>
> **Ground Two:** Respondents violated Perotti's right to be free from erroneous information in making a decision.
>
> **Ground Three:** Respondents delayed his revocation hearing, refused to call his witnesses and transcripts, delay resulted in inability to defend due to witness deaths.
>
> **Ground Four:** Petitioner was denied his right to counsel of choice, access to a law library, before revocation hearing, subjected to a S.B.2 criteria, is being held past his statutory maximum sentences.

*Id.* at PageID 7.

Perotti also lists in the attached Memorandum ten supposed causes of action related to his grounds for relief. They are

> 1. Respondents have retaliated against petitioner for exercising his constitutional rights in violation of the First Amendment to the United States and Ohio constitution as well as state statute.
>
> 2. Respondents have violated 5 U.S.C. §552 and the Ohio and United States of America [Constitutions] by not keeping accurate records on petitioner and relying upon the same to continue him 5 years based upon false information violating his procedural and substantive due process rights to a fair hearing based upon accurate facts.
>
> 3. Respondent Ohio [Adult Parole Authority ("APA")] was notified of the availability of petitioner for a revocation hearing but failed to hold said hearing within a reasonable period of time causing irreparable harm and prejudice to him in violation of State statute [sic] and constitution.
>
> 4. Respondents refusal to hold the formal revocation hearing while petitioner was on bond and available to the APA caused petitione[r] irreparable harm and was conspiratorily [sic] and retalitorily [sic] motivated in violation of state and federal statutes and constitution.
>
> 5. Respondents refusal to allow petitioner access to the law library, phone, and counsel of choice before the revocation hearing deprived him of his right to a fair hearing, access to the courts as guarenteed by state and federal statute and constitution causing irreparable harm.
>
> 6. Petitioner has served each and every day of all his state sentences making his continued confinement by the apa and respondents wrongfull [sic] and false imprisonment as well as the statutes used to continue him in prison after he has completed his maximum sentences void for vagueness as applied to him in that he never had "fair warning" that he could be continued to be held in prison after all his sentences were completed, also subjecting him to cruel and unusual and disporportionate [sic] punishment in violation of the state and federal constitution.
>
> 7. Respondents use of post S.B. 2 rules and factors on him violate his right to be free of ex post fact violation and subject him to double jeopardy in violation of state and fedeal [sic] law.

> 8. Respondents refusal to run his state and federal time concurrent after being ordered to do so by the federal judge violate his state and federal rights.
>
> 9. When petitioners sentence was vacated the two and three quarter years after the maximum sentence of ten years for felon in opossession [sic] of ammunition must count as "pre-trial" detention and apply to the time for his revocation hearing and continuence [sic].
>
> 10. Petitioner does not meet the criteria enumerated in 5120:1-1-18 (a) (1-6) thus should not be given any more prison time for the federal violation he already served thirteen years on.

*Id.* at PageID 15-16.

The underlying convictions are said to have occurred in Cuyahoga and Scioto Counties (Petition, ECF No. 1, PageID 2). Perotti asserts that his claims have been presented to Ohio's Fourth, Ninth, and Tenth District Courts of Appeal, and to the Supreme Court of Ohio. *Id.* at PageID 7.

On Magistrate Judge Stephanie K. Bowman's Order, the Attorney General filed the State Court Record (ECF No. 15) and a Return of Writ (ECF No. 16). Perotti then filed his Reply (ECF No. 22), making the case ripe for decision.

The Magistrate Judge reference in the case was transferred to the undersigned on May 23, 2019, to help balance the Magistrate Judge workload in the District (ECF No. 26).

**Litigation History**

The Return of Writ shows that Perotti challenged his parole revocation by filing a petition for writ of habeas corpus in the Ninth District on June 13, 2016. That court dismissed the petition for Perotti's failure to comply with the mandatory provisions of Ohio Revised Code § 2969.25(A)

3

and (C). *State ex rel. Perotti v. Clipper*, No. 16 CA 010962 (9th Dist. Jul. 25, 2016) (unreported; copy at State Court Record, ECF No. 15, PageID 277-78), citing *State ex rel. Hall v. Mohr,* 140 Ohio St. 3d 297, 2013-Ohio-3735, ¶ 4; *State ex rel Graham v. Findlay Mun. Ct.*, 106 Ohio St. 3d 63, 2005-Ohio-3671, ¶ 6. Perotti appealed to the Supreme Court of Ohio, affirmed the Ninth District's judgment. *State ex rel. Perotti v. Clipper*, 151 Ohio St. 3d 132, 2017-Ohio-8134.

Perotti also filed a petition for writ of habeas corpus and/or mandamus in the Tenth District Court of Appeals. This petition was also dismissed for failure to comply with the requirements of Ohio Revised Code § 2969.25(C). *State ex rel Perotti v. Ohio Adult Parole Authority*, No. 16AP-710, 2017-Ohio-817 (10th Dist. Mar. 7, 2017). Despite Perotti's statement to the contrary, there is no indication in the State Court Record that he ever sought review of the Tenth District's dismissal in the Supreme Court of Ohio.On April 17, 2017, Perotti filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio. *Perotti v. Warden, Mansfield Correctional Institution,* Case No. 1:17-cv-876 (State Court Record, ECF No. 15, PageID 309, et seq.). Judge James S. Gwin granted Perotti's motion for dismissal without prejudice on June 7, 2018. *Id.* at PageID 384.

While his Northern District case was pending, Perotti filed a second petition for writ of habeas corpus and/or mandamus in the Tenth District (State Court Record, ECF No. 15, PageID 411, et seq.) That court found Perotti had been declared a vexatious litigator in 2008 and was therefore required to comply with the provisions of Ohio Revised Code § 2323.52, which he had not done; it therefore dismissed the petition. *Id.* at PageID 425.

Perotti later sought leave to proceed in mandamus and/or habeas corpus in the Fourth District Court of Appeals (State Court Record, ECF No. 15, PageID 463 et seq.). That court denied him leave to file because he had again failed to comply with Ohio Revised Code § 2969.25(A).

*Perotti v. Ohio Adult Parole Authority*, No. 18 CA 3838 (4th Dist. Aug. 7, 2018) (unreported; copy at State Court Record, ECF No. 15, PageID 460-61).

Perotti again on August 27, 2018, attacked his parole revocation in a motion for leave to proceed with habeas corpus and/or mandamus in the Fourth District Court of Appeals. The Fourth District again denied leave to proceed because it found Perotti had failed to comply with Ohio Revised Code § 2969.25(A). *Perotti v. Ohio Adult Parole Authority*, Case No. 18CA3846 (4th Dist. Nov. 20, 2018) (unreported; copy attached to Traverse, ECF No. 22-1, at PageID 578-81)

# Analysis

Respondent defends against each of Perotti's claims in various ways, but the dispositive question is whether he has procedurally defaulted these claims by failing properly to pursue state court remedies.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); see also *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); accord *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a

5

federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

> "A claim may become procedurally defaulted in two ways." First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)..

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

6

2010) (en banc); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d at 138; *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default "only if the [petitioner] demonstrates cause for the default and prejudice from the asserted error." *House v. Bell*, 547 U.S. 518, 536 (2006).

Perotti has attempted several times to commence habeas corpus and/or mandamus actions to test the legality of his parole revocation. Habeas corpus is the appropriate action for a person seeking immediate release from prison and challenging a parole board decision. *State ex rel Lemmon v. Ohio Adult Parole Authority*, 78 Ohio St. 3d 186 (1997) (per curiam). As detailed in the litigation history set forth above, each of Perotti's attempts has been rebuffed for his failure to comply with one or more Ohio procedural requirements, either in Ohio Revised Code § 2969.25

or 2323.52. The Fourth, Ninth, and Tenth District Courts of Appeals have each detailed the statutory and case law basis for their findings of the existence of those rules and their citations to Ohio Supreme Court authority support the conclusion that the rules are firmly established and regularly followed. None of them is intertwined with a question of federal law.

The adequacy of the state ground is determined by examining the State's legitimate interests in the procedural rule in light of the federal interest in considering federal claims. *Maupin*, 785 F.2d at 138 , *citing Henry v. Mississippi,* 379 U.S. 443, 446-48 (1965). The adequacy of a state procedural bar is itself a federal question. *Cone v. Bell,* 556 U.S. 449, 465 (2009), *citing Lee v. Kemna*, 534 U.S. 362, 375 (2002); see also *Coleman*, 501 U.S. at 736. The interest of the State of Ohio in enforcing its vexatious litigator statute is strong. Vexatious litigators frivolously consume scarce judicial resources more properly devoted to cases of those proceeding in good faith. The State also has a strong interest in requiring that affidavits be sworn to, as only sworn statements of fact are backed up by criminal penalties for perjury and false swearing.

Perotti offers as an excuse for not complying with the requirement of providing a list of prior litigation on the grounds that this requirement is patterned on a similar requirement in the federal Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, for prisoners seeking to proceed *in forma pauperis* in federal court and he assumed it only applied to persons proceeding *in forma pauperis* in habeas corpus, which he was not, having paid the filing fee. (Traverse, ECF No. 22, PageID 536.) But the Ohio court interpreted the requirement to apply regardless of payment of fees, and this Court is not free to reinterpret Ohio law on that point. Perotti does not argue that the text of Ohio Revised Code § 2969.25 is limited to those proceeding *in forma pauperis* as in the PLRA text.

Perotti complains of the application to him of the Ohio vexatious litigator statute, accusing

the Fourth and Tenth Districts of "digging up" the old vexatious litigator finding (Traverse, ECF No. 22, PageID 537).  Yet, he does not deny that the vexatious litigator finding was of record and that he did not comply with it.  Given the procedural roadblocks he has faced, Perotti claims the state remedies are futile. *Id.* at PageID 537-38.  But while futility of state remedies can excuse a failure to exhaust, the futility doctrine does not apply to a procedural default defense.  Perotti concludes:  "It appears that Ohio state courts have decided to dismiss cases based on technacalities [sic], rather than reach a decision on the merits as is the rule of law." *Id.* at PageID 536.  However, federal habeas corpus law requires the federal courts to respect state procedural rules when those rules have been enforced by the state courts to preclude a state court remedy.

**Conclusion**

Because Perotti procedurally defaulted in presenting his federal constitutional claims to the Ohio courts and has not shown any excusing cause and prejudice, his Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 3, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).